UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

TOMMY ALEXANDER,

       Plaintiff,

vs.                                            Case No:    2:09-cv-14201-GCS-RSW
                                               Honorable:   George Caram Steeh

BLACKHAWK RECOVERY and
INVESTIGATION, LLC

       Defendant.
_____/

| ADAM G. TAUB (P48703) | SANDRA A. PROKOPP (P26826) |
|---|---|
| Attorney for Plaintiff | Attorney for Defendant |
| 18930 West 10 Mile Rd, Ste 2500 | 26935 Northwestern Highway, Ste 500 |
| Southfield, MI  48075 | Southfield, MI  48033-8447 |
| (248) 746 3790  Fax: 746 3793 | (248) 350 4800  Fax: 350 4848 |
| adamtaub@clgplc.net | sandra.prokopp@zurichna.com |

_____/

### MOTION BY DEFENDANT BLACKHAWK RECOVERY AND INVESTIGATION, LLC FOR SUMMARY JUDGMENT

NOW COMES the Defendant, BLACKHAWK RECOVERY AND INVESTIGATION, LLC, by and through its attorneys, LAW OFFICES OF LANGFORD & GEBAUER, by Sandra Ann Prokopp, and in support of its Motion for Summary Judgment, brought pursuant to Fed.  R. Civ. P. 56  and Fed.  R. Civ. P. 12(b)(6) and (d), states as follows:

1. The plaintiff filed a two-count complaint, alleging that the Defendant, in its attempts to repossess a vehicle, violated the federal Fair Debt Collection Practices Act, (hereinafter "FDCPA," or "Act"), 15 U.S.C.  §1692 *et seq.,* and the Michigan Occupational Code, MCL 339.901(b) and (f).

2. The plaintiff also alleges that the defendant violated the two statutes in various particulars, including coming to the plaintiff's home at unreasonable hours, breaching the peace by pounding loudly on the door, and causing the plaintiff to be arrested after the plaintiff appeared at the door with a gun.

3. The sole basis of the plaintiff's claim of federal subject matter jurisdiction is the plaintiff's allegation that the defendant violated the FDCPA.

4. The Act does not apply to the defendant, which is not a "debt collector."

5. Because the plaintiff has failed to state a federal cause of action, the Court should dismiss the entire complaint, including the state count, in that the Court will no longer have subject matter jurisdiction over the case.

    WHEREFORE, the defendant prays that this Honorable Court enter an order granting summary judgment in favor of the defendant, and dismissing the plaintiff's complaint with prejudice.

    Respectfully submitted,

/s/ Sandra A. Prokopp  
LAW OFFICES OF LANGFORD & GEBAUER  
By:  Sandra Ann Prokopp (P 26826)  
26935 Northwestern Highway, Suite 500  
Southfield, Michigan   48033  
248.350.4800  
*Sandra.prokopp@zurichna.com*

Dated:  June 3, 2010

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

TOMMY ALEXANDER,

    Plaintiff,

vs.                                        Case No:    2:09-cv-14201-GCS-RSW
                                                Honorable:  George Caram Steeh

BLACKHAWK RECOVERY and
INVESTIGATION, LLC

    Defendant.
_____/

| ADAM G. TAUB (P48703) | SANDRA A. PROKOPP (P26826) |
|---|---|
| Attorney for Plaintiff | Attorney for Defendant Blackhawk |
| 18930 West 10 Mile Rd, Ste 2500 | 26935 Northwestern Highway, Ste 500 |
| Southfield, MI  48075 | Southfield, MI  48033-8447 |
| (248) 746 3790  Fax: 746 3793 | (248) 350 4800  Fax: 350 4848 |
| adamtaub@clgplc.net | sandra.prokopp@zurichna.com |

_____/

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, BROUGHT PURSUANT TO FED. R. CIV. P. 56, 12(b)(6), AND 12 (d)**

**Facts/Background of Case**

      The plaintiff filed a two-count complaint alleging that the defendant violated the federal Fair Debt Collection Practices Act (hereinafter "FDCPA" or "Act"), 15 U.S.C. § 1692 *et seq.*  The plaintiff also claims that the defendant violated the Michigan Occupational Code, MCL 339.901 (b) and (f).  (Exhibit 1)

      The plaintiff claims that on fifteen different occasions from February 4, 2009, to February 25, 2009, the defendant's representatives committed various violations, including coming to the plaintiff's home at unreasonable hours, breaching the peace by pounding loudly on the door, breaking into the garage, and trying to collect cash.  The

1

plaintiff goes on to state that the defendant caused the plaintiff to be arrested and incarcerated after the plaintiff appeared at the door with a gun.

The defendant operates a repossession business.  It recovers motor vehicles at the request of lenders and lienholders.  On February 12, 2009, the defendant received a repossession order through American Recovery Service, Inc., to repossess a 2008 Chevrolet Trail Blazer from the premises of Tommy Alexander, Jr.  (See Exhibit 2.)  The lender who requested the services is Drive Financial Services, who had loaned money for the purchase of the vehicle.  Consequently, any visits made to the plaintiff's premises before February 12, 2009, were not made by the defendant's representatives, because the defendant did not have the account before that date.

Defendant Blackhawk is not a "debt collector" as defined in the federal statute.  (The defendant will supply an affidavit from its principal in support of this statement.)  Therefore, the federal statute does not apply to the instant circumstances.

## **Argument**

### Inapplicability of Statute

Pursuant to 28 U.S.C. § 1331, the district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  Federal courts are courts of limited jurisdiction; therefore, there is a presumption against jurisdiction that the proponent bears the burden of rebutting.  *Kokkonen v. Guardian Life Ins. Co. of America* 511 U.S. 375, 377 (1994).  The Court should dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, Fed. R. Civ. P. 56, because the Plaintiff's allegations concerning violations of the Fair Debt Collection Practices Act, and

his claim for damages thereunder do not state a cause of action upon which legal relief can be granted.

The FDCPA was enacted for the purpose of eliminating abusive debt collection practices by debt collectors. 15 U.S.C. § 1692(e). The statute specifically defines a "debt collector" as follows:

> Any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

An enforcer of a security interest, such as a repossession agency, falls outside the ambit of the FDCPA for all purposes, except for the purposes of Section 1692f(6). [1] *Montgomery v. Huntington Bank,* 346 F.3d 693, 700 (6th Cir. 2003), (quoting *Jordan v. Kent Recovery Serv., Inc.,* 731 F. Supp. 652, 656 (D. Del 1990). Finding in *Montgomery* that the defendant was acting as a repossession agency when it seized the motor vehicle at issue, the court wrote:

> [T]he evil sought to be prevented by proscribing the conduct of debt collectors, namely, "harassing attempts to collect money which the debtor does not have due to misfortune, " is not implicated in the situation of a repossession agency that enforces a "present right" to a security interest because in the latter context, "an enforcer of a security interest with a 'present right' to a piece of secured property attempts to retrieve something which another person possesses but which the holder of the security interest still owns." (citation omitted)…."[U]nlike the debtor who lacks the money sought, the possessor of secured property still has control of the property. Any failure to return the property to the rightful owner occurs not through misfortune but through a deliberate decision by the present possessor to avoid returning the property." (citation omitted)….In sum, we likewise conclude that except for purposes of Section 1692f(6), **an enforcer of a security interest,**

---

[1] In this instance, Plaintiff has alleged violations of the FDCPA under 15 U.S.C. § 1692a, e., and g. 15 U.S.C. § 1692e addresses false or misleading representations, while 15 U.S.C. §1692g addresses validation of debts. 15 U.S.C. § 1692a defines terms as used in the statute exclusively.

3

> **such as a repossession agency, does not meet the statutory definition of a debt collector under the FDCPA.**  (emphasis supplied)

*Montgomery, supra,* at 700.  Similarly, the plaintiff in the matter *sub judice* has not alleged any violation of 15 U.S.C. § 1629f(6).[2]  Rather, Plaintiff alleges violations under §§ 1629a, e, and g.  Because Defendant Blackhawk is a repossession agency, acting on behalf of the lienholder (Drive Financial) of the secured property in the possession of the plaintiff, the defendant is not a "debt collector" subject to liability under the applicable provisions of the FDCPA.  For the foregoing reasons, no factual development can possibly justify a right to recover against this defendant under the Act.

<u>Supplemental Jurisdiction</u>

A district court may decline to exercise supplemental jurisdiction over a state law claim if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. §1367 (c) (3).  Although the statute speaks in permissive, rather than mandatory, terms, as a rule of thumb, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims…."  *Widgren v. Maple Grove Twp.,* 429 F.3d 575, 586 (6th Cir. 2005) (quoting *Musson Theatrical, Inc., v. Fed. Express Corp.,* 89 F.3d 1244, 1254-55 (7th Cir. 1996)).

The defendant requests that the Court grant summary judgment in favor of the defendant on the plaintiff's federal claims, and dismiss Count I with prejudice.  The defendant submits that in the event of a dismissal of the federal claim, there would be

---

[2] 15 U.S.C. § 1692f (6) provides:  "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limited the general application of the foregoing, the following conduct is a violation of this section:
  …
(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.

no compelling reason for the court to exercise supplemental jurisdiction over the plaintiff's state law claims. The defendant therefore requests an order of dismissal without prejudice of those claims (Count II) as well.

WHEREFORE, the defendant prays that the Court enter an order dismissing Count I of the Plaintiff's complaint with prejudice, and dismissing Count II of the complaint without prejudice.

Respectfully submitted,

/s/ Sandra A. Prokopp
LAW OFFICES OF LANGFORD & GEBAUER
By: Sandra Ann Prokopp (P 26826)
26935 Northwestern Highway, Suite 500
Southfield, Michigan 48033
248.350.4800
*Sandra.prokopp@zurichna.com*

Dated: June 3, 2010

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

TOMMY ALEXANDER,

    Plaintiff,

vs.

BLACKHAWK RECOVERY and
INVESTIGATION, LLC

    Defendant.

Case No: 2:09-cv-14201-GCS-RSW
Hon: George Caram Steeh

_____/

| ADAM G. TAUB (P48703) | SANDRA A. PROKOPP (P26826) |
|---|---|
| Attorney for Plaintiff | Attorney for Defendant |
| 18930 West 10 Mile Rd, Ste 2500 | 26935 Northwestern Highway, Ste 500 |
| Southfield, MI 48075 | Southfield, MI 48033-8447 |
| (248) 746 3790  Fax: 746 3790 | (248) 350 4800  Fax: 350 4848 |
| adamtaub@clgplc.net | sandra.prokopp@zurichna.com |

_____/

## CERTIFICATE OF SERVICE

    I hereby certify that on June 3, 2010, I electronically filed Defendant's Motion for Summary Disposition, Brief in Support of Motion, Index of Exhibits ( with exhibits attached thereto) and this Certificate of Service with the Clerk of the Court using the ECF system which will send notification of such filing to:

**Adam G. Taub, Attorney for Plaintiff, *Tommy Alexander***

***adamtaub@clgplc.net***

                                  /s/ Sandra A. Prokopp
                                  SANDRA A. PROKOPP (P26826)
                                  Attorney for Defendant- Blackhawk
                                  26935 Northwestern Hwy, Ste 500
                                  Southfield, MI 48034-8447
                                  (248) 350-4828 ▫ Fax 350-4848
                                  *sandra.prokopp @ zurichna.com*

Dated: June 3, 2010